UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOUBLE DIAMOND DELAWARE, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:17-cv-1403 |
| § | |
| HOMELAND INSURANCE COMPANY § | |
| OF NEW YORK, § | |
| § | |
| Defendant. § | |

**DEFENDANT HOMELAND INSURANCE COMPANY OF NEW YORK'S
<u>NOTICE OF REMOVAL</u>**

Defendant Homeland Insurance Company of New York ("Homeland") hereby removes the action styled and numbered *Double Diamond Delaware, Inc. v. Homeland Insurance Company of New York*, Cause No. DC-17-01585, pending in the 160th Judicial District of Dallas County, Texas. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

**I.
<u>INTRODUCTION</u>**

1.   Plaintiff Double Diamond Delaware, Inc. ("Plaintiff") commenced this lawsuit on February 8, 2017 by filing Plaintiff's Original Petition ("Petition") in the 160th Judicial District Court of Dallas County, Texas.[1]

2.   The Petition names Homeland as the sole Defendant.

3.   Homeland was served with the Petition on May 9, 2017. Accordingly, Homeland files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

---

[1]   The Petition includes a jury demand. *See* Plaintiff's Original Petition at p. 10.

## II.
## BASIS FOR REMOVAL

4. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

5. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. Both conditions are satisfied here.

    **A.**    **Complete diversity of citizenship exists between Plaintiff and Homeland.**

6. Plaintiff is a Delaware corporation with its principal place of business in Dallas, Texas. Plaintiff is therefore a citizen of both Delaware and Texas for purposes of diversity of citizenship.[2]

7. Homeland is a New York corporation with its principal place of business in Minnesota. Homeland is therefore a citizen of both New York and Minnesota for purposes of diversity of citizenship.[3]

8. Complete diversity of citizenship exists between Plaintiff and Homeland for purposes of 28 U.S.C. § 1332(a) (now and on the date Plaintiff filed this lawsuit).

    **B.**    **The amount in controversy exceeds $75,000.**

9. If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Homeland's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[4]

---

[2] *See* 28 U.S.C. § 1332(c); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

[3] *See id.*

[4] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

10. Here, the Petition states that "Plaintiff seeks monetary relief over $1,000,000."[5] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

### C. The conditions for removal are satisfied.

11. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal is proper under 28 U.S.C. § 1332(a).

### III.
### CONCLUSION

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

13. As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

   a. an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

   b. a copy of the docket sheet in the state court action;

   c. each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

   d. a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice.

---

[5] *See* Plaintiff's Original Petition at p. 1, ¶ 2.

WHEREFORE, Defendant Homeland Insurance Company of New York requests that this action be removed from the 160th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: /s/Kerry K. Brown
Kerry K. Brown
Texas Bar No. 03149880
kbrown@zelle.com
Kristin C. Cummings
Texas Bar No. 24049828
kcummings@zelle.com
Tyler J. McGuire
tmcguire@zelle.com
Texas Bar No. 24098080

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

*Attorneys for Defendant Homeland Insurance Company of New York*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record on May 26, 2017 in accordance with the Federal Rules of Civil Procedure as follows:

Darryl J. Silvera
State Bar No. 18352280
dsilvera@silveralaw.com
**THE SILVERA FIRM**
17070 Dallas Parkway, Suite 100
Dallas, Texas 75248
Telephone: (972) 715-1750
Facsimile: (972) 715-1759

Ernest Martin, Jr.
State Bar No. 13063300
Ernest.martin@haynesboone.com
Natalie DuBose
State Bar No. 24077481
Natalie.dubose@haynesboone.com
**HAYNES AND BOONE, L.L.P.**
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 541-5940

*Attorneys for Plaintiff Double Diamond Delaware, Inc.*

 */s/ Kerry K. Brown*
 Kerry K. Brown