# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUBLE DIAMOND DELAWARE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-1403 |
| | § | |
| HOMELAND INSURANCE COMPANY | § | |
| OF NEW YORK, | § | |
| | § | |
| Defendant. | § | |

## EXHIBIT A

1.  Index of All Documents Filed in the State Court Action

2.  Docket Sheet in the State Court Action

3.  Documents Filed in the State Court Action

    a.  Original Petition and Request for Disclosure
        Filed:  February 8, 2017

    b.  Dallas County Civil District Court Cover Sheet
        Filed:  February 8, 2017

    c.  Issuance of Citation to Homeland Insurance Company of New York
        Issued:  February 17, 2017

    d.  Letter Request for Service
        Filed:  May 5, 2017

    e.  Reissuance of Citation to Homeland Insurance Company of New York
        Filed: May 9, 2017

    f.  Return of Service
        Filed:  May 23, 2017

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUBLE DIAMOND DELAWARE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-1403 |
| | § | |
| HOMELAND INSURANCE COMPANY | § | |
| OF NEW YORK, | § | |
| | § | |
| Defendant. | § | |

## **INDEX OF DOCUMENTS FILED IN THE STATE COURT ACTION**

Documents filed and entered in the state court action are listed below:

1. Original Petition and Request for Disclosure
Filed:  February 8, 2017

2. Dallas County Civil District Court Cover Sheet
Filed:  February 8, 2017

3. Issuance of Citation to Homeland Insurance Company of New York
Filed:  February 17, 2017

4. Letter Request for Service
Filed:  May 5, 2017

5. Reissuance of Citation to Homeland Insurance Company of New York
Filed: May 9, 2017

6. Return of Service
Filed:  May 23, 2017

# EXHIBIT A-2

## Case Information

DC-17-01585 | DOUBLE DIAMOND DELAWARE, INC. vs. HOMELAND INSURANCE COMPANY OF NEW YORK

| Case Number | Court | File Date |
| --- | --- | --- |
| DC-17-01585 | 160th District Court | 02/08/2017 |

| Case Type | Case Status |
| --- | --- |
| INSURANCE | OPEN |

## Party

PLAINTIFF
DOUBLE DIAMOND DELAWARE, INC.

Active Attorneys ▾

Lead Attorney
MARTIN, ERNEST
Retained

Work Phone
214-651-5641

Fax Phone
214-200-0519

DEFENDANT
HOMELAND INSURANCE COMPANY OF NEW YORK

Address
SERVING THROUGH GENERAL COUNSEL ONEBEACON INSURANCE
150 ROYALL STREET
CANTON MN 02021-1030

## Events and Hearings

02/08/2017 NEW CASE FILED (OCA) - CIVIL

02/08/2017 ORIGINAL PETITION ▾

Original Petition and Request for Disclosure.pdf

02/08/2017 CASE FILING COVER SHEET ▾

Court Cover Sheet.pdf

02/08/2017 ISSUE CITATION

02/17/2017 CITATION ISSUED ▾

DC1701585.pdf

02/17/2017 CITATION▾

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**ESERVE KK**

05/05/2017 REQUEST FOR SERVICE ▾

Letter Request.pdf

05/05/2017 ISSUE CITATION ▾

ISSUE CITATION

05/09/2017 CITATION▾

Anticipated Server

ATTORNEY

Anticipated Method
Actual Server
OUT OF STATE

Returned
05/23/2017
Comment
ATTY/DB

---

05/23/2017 RETURN OF SERVICE ▾

HOMELAND INS

Comment
CIT EXEC 5/11/17 TO HOMELAND INSURANCE COMPANY ON NEW YORK

## Financial

DOUBLE DIAMOND DELAWARE, INC.

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $314.00 |
| | Total Payments and Credits | | | $314.00 |
| 2/10/2017 | Transaction Assessment | | | $295.00 |
| 2/10/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 8382-2017-DCLK | DOUBLE DIAMOND DELAWARE, INC. | ($295.00) |
| 5/8/2017 | Transaction Assessment | | | $19.00 |
| 5/8/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 29010-2017-DCLK | DOUBLE DIAMOND DELAWARE, INC. | ($19.00) |

## Documents

Original Petition and Request for Disclosure.pdf

Court Cover Sheet.pdf

DC1701585.pdf

Letter Request.pdf

ISSUE CITATION

HOMELAND INS

# EXHIBIT A-3

# EXHIBIT A-3-a

FILED
DALLAS COUNTY
2/8/2017 6:18:43 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

DC-17-01585

CAUSE NO._____

| | | |
|---|---|---|
| DOUBLE DIAMOND DELAWARE, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| HOMELAND INSURANCE COMPANY | § | |
| OF NEW YORK | § | |
| | § | |
| Defendant. | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff Double Diamond Delaware, Inc., ("Double Diamond"), files this Original Petition against Defendant Homeland Insurance Company of New York, ("Homeland") as follows:

### I.

### DISCOVERY LEVEL

1.    Double Diamond pleads that discovery should be conducted under Level 2 in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

### II.

### STATEMENT OF RELIEF

2.    Pursuant to Rule 47(c), Plaintiff seeks monetary relief over $1,000,000.

### III.

### PARTIES

3.    Plaintiff Double Diamond Delaware, Inc. is a Delaware corporation having its principal place of business in Dallas, Texas.

4.    Defendant Homeland Insurance Company of New York is a New York corporation having its principal place of business in Minnesota.  Defendant is engaged in the business of

insurance in Texas.  Homeland may be served through personal service upon General Counsel,

OneBeacon Insurance, 150 Royall Street, Canton, MA 02021-1030.

## IV.

## VENUE AND JURISDICTION

5.      Plaintiff incorporates the foregoing allegations herein by reference.

6.      Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice and

Remedies Code section 15.002(a)(1) because all or a substantial part of the events or omissions

giving rise to this claim occurred in Dallas County, Texas.

7.      This Court has jurisdiction because the amount in controversy exceeds the minimum

jurisdictional limits of this Court.

## V.

## FACTUAL BACKGROUND

8.      Plaintiff incorporates the foregoing allegations herein by reference.

9.      This is an insurance coverage dispute arising from Defendant's failure to cover

damage to Double Diamond's insured property.

10.     Double Diamond owns and operates "The Retreat," a private resort golf course

community in Cleburne, Texas, which includes a 545-acre 18-hole golf course, clubhouse, aquatic

center, 431 residential lots, and approximately 1,200 acres of wooded undeveloped land.

*The Policies*

11.     At all relevant times, Double Diamond's property was insured under a three-policy

tower of coverage, as more fully outlined below.

12.     The first layer of coverage is Property Policy No. CPP 5492050-02 issued by

Steadfast Insurance Company to Double Diamond for the period from January 31, 2015 to

January 31, 2016 (the "Steadfast Policy"). The Steadfast Policy broadly covers "all risks of direct physical loss of or damage" to Double Diamond's property up to $2.5 million. The Steadfast Policy also includes several sublimits, including the following:

- a $1,000,000 sublimit for "Golf Course Property," which "includes trees, shrubs and plants";

- 1,000,000 sublimit for "trees, plants, and shrubs not associated with golf courses, not to exceed $5,000 per item;" and

- A "debris removal" sublimit, totaling "the GREATER of 25% of the PD LOSS or 1,000,000."

13.     The second layer of coverage is Following Form Excess Property Policy No. XP262592 issued by Colony Insurance Company to Double Diamond for the period from January 31, 2015 to January 31, 2016 (the "Colony Policy"). The Colony Policy generally follows the Steadfast Policy and provides all-risk property coverage for Double Diamond's property up to the next $2.5 million.

14.     The third layer of coverage is Following Form Excess Property Policy No. 795002785 issued by Homeland to Double Diamond for the period from January 31, 2015 to January 31, 2016 (the "Homeland Policy"). The Homeland Policy "follows the terms, conditions, and definitions of coverage and recovery" [except for limits] of the Steadfast and Colony Policies, and requires Homeland indemnify Double Diamond for "100% of the ultimate net loss to the Insured excess over and above $5,000,000,"—the amount of the underlying Steadfast and Colony Policies.

***The Property Damage, Investigation and Claim***

15.    On or about April 26, 2015, severe storms went through the North Texas area, severely damaging the Retreat's trees located on the golf course, unsold residential lots, and the undeveloped woodland.

16.    Following the loss, Double Diamond timely notified Steadfast. In response, Steadfast retained an ISA Certified Arborist, HMI (referred to herein as "HMI"), to inventory, appraise, identify and estimate damages to trees and shrubs, sustained losses and estimated labor costs for tree and debris removal.

17.    HMI conducted the inspection and evaluation of the trees located at the insured location. A total of 507 trees on unsold developed lots were inspected by the certified arborists. HMI used a 7.5 acre sample area to assess the 1,551 acre area constituting the entire loss location. HMI determined there to be over 24,000 trees either destroyed or so badly damaged to require removal. It determined the cause of loss was consistent with wind damage. HMI confirmed such cause of loss was covered under the Steadfast Policy. HMI calculated the aggregate cost to replace the destroyed trees was $137,950,850.00 (pre-tax). In addition, HMI calculated the aggregate cost of debris removal for the over 24,000 trees was $19,356,800.00 (pre-tax). HMI concluded its loss evaluation and prepared a written report dated July 24, 2015.

18.    Double Diamond retained Bartlett Tree Experts ("Bartlett") to assist in the debris removal. Bartlett has already begun clearing the debris, with a cost of over $1 million to Double Diamond. Bartlett additionally prepared a written report estimating the cost to clear the remaining debris at over $16 million. This report was provided to all insurers (including Defendant).

19.     After conducting a reasonable investigation, Steadfast correctly determined there was coverage under the Steadfast Policy in amounts in excess of its policy limits. Steadfast then paid its policy limits to Double Diamond.

20.     Following payment by Steadfast of its limits, Colony took over the adjustment of the claim. Although Colony agreed the claim was covered, Colony initially disputed the amount of the loss and Double Diamond was forced to litigate its claim against Colony. Ultimately, a settlement was reached and Colony paid its policy limits to Double Diamond.

21.     On December 1, 2016, Double Diamond presented its claim for excess coverage to Homeland. Double Diamond identified the total loss to its property at $158 million, including over $1 million for building damage, $137 million in damage to the off-golf-course trees, and $17 million in debris-removal expense. Double Diamond provided documentation from Bartlett, including invoices for the over $1 million which has already been spent in removing debris, and a report estimating the additional debris removal and cleanup at over $16 million. Double Diamond additionally provided the HMI report, which calculated the cost to remove the debris at $19 million and the cost to replace the destroyed trees at $137 million.

22.     On January 20, 2017, Homeland responded to Double Diamond's claim acknowledging that the claim was covered, but disputing the value of the loss and claiming that the Homeland Policy was not triggered.

23.     In its response, Homeland misrepresented how the policies determine property valuation in this instance. Homeland stated that because "there is no indication that Double Diamond has replaced or intends to replace the off-course trees" the value of the loss under the policies must be valued on an "actual cash value" basis, rather than replacement cost.

24.     In fact, the Steadfast Policy (as adopted by the Homeland Policy) provides that the property valuation shall be calculated "at replacement cost new without deduction for depreciation. *If the property is not repaired, rebuild or replaced on the same or another site within 3 years from the date of loss due to circumstances within the Insured's control*, the Company shall not be liable for more than the actual cash value of the property damaged or destroyed." Double Diamond is not required to immediately repair or "indicate its willingness to repair" in order to seek the replacement cost for the tree damage.

25.     Additionally, Homeland misrepresented how the Homeland Policy's limits apply when it reported that since the underlying Steadfast Policy includes a $1,000,000 sublimit to golf-course trees and a $1,000,000 limit to off-golf-course trees, no coverage is available under the Homeland Policy.

26.     In fact, the Steadfast Policy's sublimits have no bearing on the coverage owed under the Homeland Policy.  The Homeland Policy clearly requires Homeland to indemnify Double Diamond for its "ultimate net loss" in excess of $5 million, the amount of the underlying Steadfast and Colony Policies.

27.     The underlying policies have both paid their limits.

28.     Despite acknowledging that Double Diamond's claim is covered, Homeland has failed and refused to pay any amounts for Double Diamond's losses.

## VI.

## CAUSES OF ACTION

**A.     Count One – Breach of Contract**

29.     Plaintiff incorporates the foregoing allegations herein by reference.

30.     The Homeland Policy is a valid and enforceable contract.

31.     Double Diamond is an insured under the Homeland Policy.

32.     Double Diamond has performed all conditions precedent under the Homeland Policy.

33.     The Policy was triggered and unambiguously obligates Defendant Homeland to cover damage to Double Diamond's property.   Alternatively, the Homeland Policy's provisions are ambiguous and must be construed in favor of coverage.

34.     Homeland breached the contract by refusing to cover damage to Double Diamond's property.

35.     As a direct, proximate, and foreseeable consequence of Homeland's breach of its obligations, Double Diamond has suffered injury and damage in excess of this Court's minimum jurisdictional limits.

36.     Double Diamond seeks to recover its actual damage, consequential damages, and attorneys' fees and expenses incurred because of Homeland's breach.

**B.      Count Two – Chapter 542 of the Texas Insurance Code Violations**

35.     Plaintiff incorporates the foregoing allegations herein by reference.

36.     Double Diamond's insurance claim under the Homeland Policy is a "first-party" insurance claim.

37.     Homeland's failure to promptly pay amounts necessary to replace the damage to Double Diamond's property violates the Prompt Payment of Claims Statute in Chapter 542 of the Texas Insurance Code. *See* TEX. INS. CODE ANN. 542.051, *et seq.*

38.     Consequently, Defendants are liable to pay Insureds' statutory damages set forth in Section 542.060 of the Texas Insurance Code including, in addition to Insureds' claim amount, 18 percent interest per annum, together with reasonable attorneys' fees.

C.     **Count Three – Attorneys' Fees**

39.     Plaintiff incorporates the foregoing allegations herein by reference.

40.     As a result of Homeland's breach of contract with Double Diamond and Homeland's Texas Insurance Code violations, Double Diamond was required to retain the legal services of the Silvera Firm and Haynes and Boone, LLP of Dallas, Texas. Double Diamond has agreed to pay the Silvera Firm and Haynes and Boone, LLP a reasonable fee for their services necessarily rendered and to be rendered in this action. Although Double Diamond presented its claim for damages to Defendant, Defendant did not tender payment. Accordingly, Double Diamond is entitled to an award of its reasonable and necessary attorneys' fees and expenses incurred pursuing its claim against Defendant in an amount to be established at trial. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001; TEX. INS. CODE. ANN. § 542.060.

## VII.

### NOTICE OF INTENT TO PURSUE CLAIMS
### UNDER CHAPTER 541 OF THE TEXAS INSURANCE CODE

41.     Plaintiff incorporates the foregoing allegations herein by reference.

42.     Pursuant to Section 541.154 of the Texas Insurance Code, Plaintiff hereby provides notice that it intends to pursue claims against Defendant under Chapter 541 of the Texas Insurance Code by amending this suit after 60 days. As more fully described below, Defendant engaged in unfair settlement practices and other deceptive acts prohibited by Section 541.060 and/or Section 541.061 of the Texas Insurance Code, which practices are actionable under Section 541.151 of the Texas Insurance Code.

43.     Defendant violated Sections 541.060(a)(1) and/or 541.061 by misrepresenting the Homeland Policy's provisions to Double Diamond, including that the Homeland Policy's limits are

unavailable when the underlying Steadfast Policy's "sublimits" have been met.  This position is contrary to the Homeland Policy's clear language, which obligates Homeland to pay for "100% of the ultimate net loss to the Insured excess over and above $5,000,000."  The Steadfast "sublimits" have no bearing on coverage under Homeland Policy.

44.     Additionally, Homeland misrepresented how the Homeland Policy's property valuation provision (as adopted from the Steadfast Policy) applies to Plaintiff's claim.  Homeland represented that the correct valuation is Actual Cash Value, when, in fact the Policies provide that the property is to be valued at "replacement cost" unless the insured does not repair the property within three years.  Three years have not yet passed since the loss, and therefore the proper evaluation is the replacement cost.

45.     Defendant violated Section 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability had become clear under the Homeland Policy.  In this regard, Defendant acknowledged Double Diamond's claim is covered under the Homeland Policy and that the underlying insurers have paid their limits.  Nevertheless, Defendant has refused to pay for Double Diamond's property damage based on an insupportable reading of the Homeland Policy, including that the Homeland Policy's limits are not available when the Steadfast Policy's "sublimits" have been met.  Defendant has thus refused to effectuate a prompt, fair, and equitable settlement of Double Diamond's claim.

46.     As a result of Defendant's conduct, Double Diamond's actual damages are $95 million, the Homeland Policy's limits.  Defendant is also liable to pay Double Diamond's court costs and attorneys' fees which continue to accrue daily.  *See* TEX. INS. CODE ANN. § 541.152.

47.     Defendant knowingly committed one or more of the violations referenced above. Double Diamond therefore seeks, in addition to actual damages, court costs, and attorneys' fees, an

amount not to exceed three times the amount of Double Diamond's actual damages. *See* TEX. INS. CODE ANN. § 541.152.

## VIII.

### JURY DEMAND

48.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiff demands a jury trial in this matter and has paid the required jury fee.

## IX.

### REQUEST FOR DISCLOSURE

49.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Texas Rule of Civil Procedure 194.2 within fifty (50) days of service of this request.

## X.

### PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in Plaintiff's favor, awarding Plaintiff: (1) its actual damages, (2) statutory damages, (3) attorneys' fees and expenses, (4) costs of court, (5) pre- and post-judgment interest at the highest rate allowed by law, and (6) all such other and further relief to which it may be justly entitled.

Respectfully submitted,

_____

DARRYL J. SILVERA
State Bar No. 18352280
THE SILVERA FIRM
17070 Dallas Parkway, Suite 100
Dallas, Texas 75248
Telephone:      (972) 715-1750
Facsimile:      (972) 715-1759
dsilvera@silveralaw.com

Ernest Martin, Jr.
State Bar No. 13063300
Natalie DuBose
State Bar No. 24077481
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:      (214) 651-5000
Facsimile:      (214) 541-5940
ernest.martin@haynesboone.com
natalie.dubose@haynesboone.com

ATTORNEYS FOR DOUBLE DIAMOND
DELAWARE, INC.

16134300_1

# EXHIBIT A-3-b

FILED
DALLAS COUNTY
2/8/2017 6:18:43 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-01403-G-BN   Document 1-3   Filed 05/26/17   Page 24 of 36   PageID 34
DC-17-01585



# DALLAS COUNTY CIVIL DISTRICT COURT COVER SHEET

**STYLED** Double Diamond Delaware, Inc. _____ **v.** Homeland Insurance Company of New YOrk _____

This Civil Cover Sheet must be completed, filed and served with every petition. The information should be the best available at the time of fling, understanding that the information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial. Check (√) all applicable boxes.

| Plaintiff(s) | Defendant(s) (list separately) |
|---|---|
| ☐ Pro Se | |
| Address _____ | |
| Telephone/Fax _____ | |
| E-mail _____ | |
| ☒ Attorney for Plaintiff(s) | |
| State Bar No. 13063300, Ernest Martin, Jr. | |
| Address 2323 Victory Avenue, Suite 700 | |
| Dallas, Texas 75219 | |
| Telephone/Fax (214) 651-5641 | |
| E-mail Ernest.Martin@HaynesBoone.com | |

## PARTIES *MUST* CHECK ONE CASE TYPE AND MAY CHECK ONE SUB-TOPIC

☐ Administrative Appeal
☐ Bill of Review
☐ Certiorari
☐ Code Violations
☐ Condemnation
☐ Construction
☐ Construction
☐ Debt/Contract
☐ Defamation
☐ Other Commercial Dispute
  ☐ Antitrust/Unfair Comp
  ☐ Consumer/DTPA
  ☐ Franchise
  ☐ Fraud/Misrep
  ☐ Intellectual Property
  ☐ Non-Competes
  ☐ Partnership
  ☐ Securities/Stock
  ☐ Tortuous Interference
  ☐ Other Commercial
☐ Discipline
☐ Discovery
  ☐ Rule 202 Depositions
  ☐ Commissions
  ☐ Subpoena
  ☐ Letters Rogatory
  ☐ Other Discovery
☐ Employment
  ☐ Discrimination
  ☐ Retaliation

☐ Termination
☐ Other Employment
☐ Foreclosure
  ☐ R 736
  ☐ Other than R 736
☐ Foreign Judgment
☒ Insurance
☐ Mass Tort/MDL/Rule 11
  ☐ Asbestos
  ☐ Baycol
  ☐ Breast Implant
  ☐ Firestone
  ☐ Phen-Fen
  ☐ Silica
  ☐ Other Multi-Party
☐ Motor Vehicle Accident
  ☐ Other Personal Injury
  ☐ Assault/Battery
  ☐ Product
  ☐ Premises
  ☐ Other Personal Injury
☐ Name Change
☐ Post-Judgment
☐ Professional Liability
  ☐ Accounting
  ☐ Legal
  ☐ Med/Mal
  ☐ Other Prof. Liab.
☐ Property

☐ Partition
☐ Quite Title
☐ Trespass/Try Title
☐ Other Property
☐ Prejudgment Remedy
☐ Seizure/Forfeiture
☐ Tax
  ☐ Tax Appraisal
  ☐ Tax Delinquency
  ☐ Tax Land Bank
  ☐ Tax Personal
  ☐ Tax Real
☐ Workers Comp
☐ Other

### ADDITIONAL SUB-TOPICS
☐ Attachment
☐ Bill of Discovery
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Receiver
☐ Sequestration
☐ Severance
☐ TRO/Injunction
☐ Turnover

**DISCOVERY LEVEL**   ☐ Level 1   ☒ Level 2   ☐ Level 3

Local Rule 1.08 Certification (Must be completed and signed)
This case is not subject to transfer pursuant to Local Rule 1.07, or
This case is related to another case filed or disposed of in Dallas County:
Court: 116th District Court   Style: Double Diamond Delaware, Inc. v. Colony Insurance Co.   Case No DC-16-10841

_____
Attorney's Signature

# EXHIBIT A-3-c

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

**To:**

      **HOMELAND INSURANCE COMPANY OF NEW YORK**
      **SERVING THROUGH GENERAL COUNSEL, ONEBEACON INSURANCE**
      **150 ROYALL STREET**
      **CANTON MA  02021-1030**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DOUBLE DIAMOND DELAWARE, INC.**

Filed in said Court  **8th day of February, 2017** against

**HOMELAND INSURANCE COMPANY OF NEW YORK**

For Suit, said suit being numbered **DC-17-01585,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of February, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

                     /s/ Kerry Kallie
      By_____, Deputy
            KERRY KALLIE



---

**ESERVE**

**CITATION**

═══════════════════════

**DC-17-01585**

═══════════════════════

---

**DOUBLE DIAMOND DELAWARE, INC.
vs. HOMELAND INSURANCE
COMPANY OF NEW YORK**

ISSUED THIS
**17th day of February, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  KERRY KALLIE, Deputy
_____

**Attorney for Plaintiff**
ERNEST MARTIN, JR.
ERNEST.MARTIN@HAYNESBOONE.COM
2323 VICTORY AVENUE
SUITE 700
DALLAS TX  75219
214-651-5641

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-17-01585

Court No.160th District Court

Style: DOUBLE DIAMOND DELAWARE, INC.

 vs. HOMELAND INSURANCE COMPANY OF NEW YORK

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT A-3-d

FILED
DALLAS COUNTY
5/5/2017 4:13:01 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

**haynes**_boone_

May 5, 2017

***Via E-Filing***

Ms. Debora Clark, Clerk
160th District Court
600 Commerce Street, 6th Floor New Tower
Dallas, Texas  75202

Re:     *Double Diamond Delaware, Inc. v. Homeland Insurance Company of New York*;
          Cause No. DC-17-01585

Dear Ms. Clark:

Please prepare and issue citation in the above-referenced matter 'for service on Defendant
Homeland Insurance Company of New York, as follows:

>     Homeland Insurance Company of New York
>     c/o General Counsel
>     OneBeacon Insurance
>     150 Royall Street
>     Canton, MA  02021-1030

Thank you very much for your assistance in this matter, and please do not hesitate to call if you
have any questions.

Very truly yours,

Natalie DuBose
*natalie.dubose@haynesboone.com*
214-651-5313

ND:vds
16304590_1

Haynes and Boone, LLP
Attorneys and Counselors
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone: 214.651.5000
Fax: 214.651.5940
www.haynesboone.com

# EXHIBIT A-3-e

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
**HOMELAND INSURANCE COMPANY OF NEW YORK**
**SERVING THROUGH GENERAL COUNSEL ONEBEACON INSURANCE**
**150 ROYALL STREET**
**CANTON MA  02021-1030**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DOUBLE DIAMOND DELAWARE, INC.**

Filed in said Court **8th day of February, 2017** against

**HOMELAND INSURANCE COMPANY OF NEW YORK**

For Suit, said suit being numbered **DC-17-01585,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of May, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
        DENOSHA BOSTON

---

**ATTY**

**CITATION**

**DC-17-01585**

**DOUBLE DIAMOND DELAWARE, INC.**
**vs. HOMELAND INSURANCE**
**COMPANY OF NEW YORK**

ISSUED THIS
**9th day of May, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
ERNEST MARTIN
2323 VICTORY AVENUE
SUITE 700
DALLAS TX  75219
214-651-5641

**DALLAS COUNTY CONSTABLE**
**FEES**     **FEES NOT**
**PAID**        **PAID**

# OFFICER'S RETURN

Case No. : DC-17-01585

Court No.160th District Court

Style: DOUBLE DIAMOND DELAWARE, INC.

vs. HOMELAND INSURANCE COMPANY OF NEW YORK

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this _____ day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT A-3-f

Dianne Coffey

FILED
DALLAS COUNTY
5/23/2017 10:39:27 AM
FELICIA PITRE
DISTRICT CLERK

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**HOMELAND INSURANCE COMPANY OF NEW YORK**
**SERVING THROUGH GENERAL COUNSEL ONEBEACON INSURANCE**
**150 ROYALL STREET**
**CANTON MA  02021-1030**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DOUBLE DIAMOND DELAWARE, INC.**

Filed in said Court  **8th day of February, 2017** against

**HOMELAND INSURANCE COMPANY OF NEW YORK**

For Suit, said suit being numbered <u>**DC-17-01585,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of May, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____ , Deputy
      DENOSHA BOSTON

---

**ATTY**

**CITATION**

**DC-17-01585**

**DOUBLE DIAMOND DELAWARE, INC.**
**vs. HOMELAND INSURANCE**
**COMPANY OF NEW YORK**

ISSUED THIS
**9th day of May, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DENOSHA BOSTON, Deputy

---

**Attorney for Plaintiff**
ERNEST MARTIN
2323 VICTORY AVENUE
SUITE 700
DALLAS TX  75219
214-651-5641



**DALLAS COUNTY CONSTABLE**
**FEES**        **FEES NOT**
**PAID**         **PAID**

# OFFICER'S RETURN

Case No. : DC-17-01585

Court No.160th District Court

Style: DOUBLE DIAMOND DELAWARE, INC.

vs. HOMELAND INSURANCE COMPANY OF NEW YORK

Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ ,

20 _____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| | | | | |
|---|---|---|---|---|
| For serving Citation | $_____ | _____ | | |
| For mileage | $_____ | of_____County, _____ | | |
| For Notary | $_____ | By_____Deputy | | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____ , 20 _____ ,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

** SEE ATTACHED **
*** AFFIDAVIT ***

CAUSE NO. <u>DC-17-01585</u>

| | | |
|---|---|---|
| DOUBLE DIAMOND DELAWARE, INC. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| VS. | § | 160TH JUDICIAL DISTRICT |
| | § | |
| HOMELAND INSURANCE COMPANY OF NEW YORK | § | |
| | § | |
| **Defendant(s).** | § | DALLAS COUNTY, TEXAS |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Wednesday, May 10, 2017 at 4:50 PM,**
Executed at: **150 ROYALL STREET, CANTON, MA 02021**
within the county of **NORFOLK** at **10:30 AM,** on **Thursday, May 11, 2017,**
by individually and personally delivering to the within named:

### HOMELAND INSURANCE COMPANY OF NEW YORK

By delivering to its **General Counsel, ONE BEACON INSURANCE**
By delivering to its **Manager, BOB AUGUSTO**
a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **PAUL NARDIZZI** who after being duly sworn on oath states: "My name is **PAUL NARDIZZI**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Massachusetts. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**PAUL NARDIZZI**

Of:  **Middlesex County**

By:  *Paul Nardizzi*
     Authorized Person -

Subscribed and Sworn to by PAUL NARDIZZI, Before Me, the undersigned authority, on this
_17_ day of May, 2017.

*Elena M Nardizzi*

Notary Public in and for the State of Massachusetts

ELENA M. NARDIZZI
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Comm. Expires Dec. 14, 2018