UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUBLE DIAMOND DELAWARE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-1403-G |
| | § | |
| HOMELAND INSURANCE COMPANY OF NEW YORK, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT HOMELAND INSURANCE COMPANY OF NEW YORK'S
FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Homeland Insurance Company of New York ("Homeland") files this First Amended Answer and Affirmative Defenses to the First Amended Complaint ("Amended Complaint") of Plaintiff Double Diamond Delaware, Inc. ("Plaintiff") and states as follows:

**I.
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I.    PARTIES**

1. On information and belief, Homeland admits the allegations in Paragraph 1 of the Amended Complaint.

2. Homeland admits the allegations in Paragraph 2 of the Amended Complaint.

**II.    VENUE AND JURISDICTION**

3. Answering Paragraph 3 of the Amended Complaint, Homeland repeats and incorporates its responses to Paragraphs 1-2 of the Amended Complaint as if fully set forth herein.

4. Answering Paragraph 4 of the Amended Complaint, Homeland admits that Homeland and Plaintiff are citizens of different states. By way of further response, Homeland admits that the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Answering Paragraph 5 of the Amended Complaint, Homeland admits that venue is proper in this Court under 28 U.S.C. § 1441(a) because the state court where the action was pending is located in this District. By way of further response, Homeland admits venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of this action is situated in this District.

## V. FACTUAL BACKGROUND

6. Answering Paragraph 6 of the Amended Complaint, Homeland repeats and incorporates its responses to Paragraphs 1-5 of the Amended Complaint as if fully set forth herein.

7. Homeland admits that this lawsuit involves an insurance coverage dispute for Plaintiff's insured property. Homeland denies all remaining allegations in Paragraph 7 of the Amended Complaint.

8. On information and belief, Homeland admits the allegations in Paragraph 8 of the Amended Complaint.

9. Homeland admits the allegations in Paragraph 9 of the Amended Complaint.

10. Homeland admits that Plaintiff was a named insured under Policy No. CPP 5492050-02 issued by Steadfast Insurance Company, with effective dates of coverage from January 31, 2015 to January 31, 2016 ("Steadfast Policy"). Homeland admits Plaintiff correctly cites three of the sublimits contained in the Steadfast Policy. Homeland denies all remaining allegations in Paragraph 10 of the Amended Complaint, except to state that the Steadfast Policy speaks for itself regarding its terms, conditions, and limitations.

11.     Homeland admits that Plaintiff was a named insured under Excess Policy No. XP262592 issued by Colony Insurance Company, with effective dates of coverage from January 31, 2015 to January 31, 2016 ("Colony Policy"). Homeland denies all remaining allegations in Paragraph 11 of the Amended Complaint, except to state that the Colony Policy speaks for itself regarding its terms, conditions, and limitations.

12.     Homeland admits that Plaintiff was a named insured under Excess Policy No. 795002785 issued by Homeland, with effective dates of coverage from January 31, 2015 to January 31, 2016 ("Homeland Policy"). Homeland denies all remaining allegations in Paragraph 12 of the Amended Complaint, except to state that the Homeland Policy speaks for itself regarding its terms, conditions, and limitations.

13.     Homeland admits that a storm occurred in the North Texas area on or about April 26, 2015. By way of further response, Homeland admits that Plaintiff reported damage to trees located on the golf course, unsold residential lots, and the undeveloped woodland. Homeland denies all other allegations in Paragraph 13 of the Amended Complaint.

14.     Homeland lacks sufficient information to admit or deny the allegations contained in Paragraph 14 of the Amended Complaint.

15.     On information and belief, Homeland admits that HMI conducted an inspection and evaluation of the trees located at the insured location. Homeland further admits that HMI prepared a written report dated July 24, 2015. Homeland denies all other allegations in Paragraph 15 of the Amended Complaint, except to state that HMI's July 24, 2015 report speaks for itself.

16.     Homeland admits that Plaintiff retained Bartlett Tree Experts ("Bartlett") to assist with debris removal. Homeland admits that Bartlett began clearing the debris, and that Bartlett represented a cost exceeding $1 million to clear the debris. Homeland admits Bartlett prepared a

written report that states the cost to clear the remaining debris is over $16 million and that this report was provided to all insurers. Homeland denies all other allegations in Paragraph 16 of the Amended Complaint.

17. Homeland lacks sufficient information to admit or deny the allegation in the first sentence of Paragraph 17 of the Amended Complaint. Homeland admits that Steadfast paid its policy limits to Plaintiff.

18. On information and belief, Homeland admits the allegations in Paragraph 18 of the Amended Complaint.

19. Homeland admits the allegations in Paragraph 19 of the Amended Complaint. By way of further response, Homeland expressly denies that Plaintiff is entitled to recover any of the damage described in Paragraph 19 from Homeland.

20. Homeland admits that it issued a January 20, 2017 correspondence to Plaintiff explaining that Plaintiff's claim did not trigger the Homeland Policy. Except as expressly admitted, Homeland denies all allegations in Paragraph 20 of the Amended Complaint.

21. Homeland admits that, in its January 20, 2017 correspondence, Homeland stated that off-course trees are valued at actual cash value if not replaced, rebuilt, or repaired within three years from the date of loss. Homeland denies all remaining allegations in Paragraph 21 of the Amended Complaint.

22. Homeland admits that Plaintiff has correctly cited a portion of the Property Valuation provision of the Steadfast Policy (with emphasis). Homeland denies all remaining allegations in Paragraph 22 of the Amended Complaint.

23. Homeland denies all allegations in Paragraph 23 of the Amended Complaint.

24. Homeland denies all allegations in Paragraph 24 of the Amended Complaint.

25.    Homeland admits the underlying policies have each paid $2.5 million to Plaintiff. Homeland denies that such payments were paid for covered damage under those policies.

26.    Homeland admits it has not paid any amount to Plaintiff for the claim. Homeland denies all other allegations in Paragraph 26 of the Amended Complaint.

### IV.    CAUSES OF ACTION

**A.    Count One – Breach of Contract**

27.    Answering Paragraph 27 of the Amended Complaint, Homeland repeats and incorporates its responses to Paragraphs 1-26 of the Amended Complaint as if fully set forth herein.

28.    Homeland admits the allegations in Paragraph 28 of the Amended Complaint.

29.    Homeland admits the allegation in Paragraph 29 of the Amended Complaint.

30.    Homeland denies the allegation in Paragraph 30 of the Amended Complaint.

31.    Homeland denies all allegations in Paragraph 31 of the Amended Complaint.

32.    Homeland denies the allegations in Paragraph 32 of the Amended Complaint.

33.    Homeland denies all allegations in Paragraph 33 of the Amended Complaint.

34.    Homeland expressly denies that Plaintiff is entitled to recover any damages or other relief sought in Paragraph 34 of the Amended Complaint.

**B.    Count Two – Chapter 542 of the Texas Insurance Code**

35.    Answering Paragraph 35 of the Amended Complaint, Homeland repeats and incorporates its responses to the prior 34 Paragraphs of the Amended Complaint as if fully set forth herein.

36.    Homeland admits the allegations in Paragraph 36 of the Amended Complaint.

37.    Homeland denies all allegations in Paragraph 37 of the Amended Complaint.

38.    Homeland denies all allegations in Paragraph 38 of the Amended Complaint.

  **C.**  **Count Three – Violations of Chapter 541 of the Texas Insurance Code.**

  39.  Answering Paragraph 39 of the Amended Complaint, Homeland repeats and incorporates its responses to the prior 38 Paragraphs of the Amended Complaint as if fully set forth herein.

  40.  Homeland admits that Plaintiff's Original Petition contained a section entitled "Notice of Intent to Pursue Claims Under Chapter 541 of the Texas Insurance Code." Homeland denies all remaining allegations in Paragraph 40 of the Amended Complaint.

  41.  Homeland denies all allegations in Paragraph 41 of the Amended Complaint.

  42.  Homeland denies all allegations in Paragraph 42 of the Amended Complaint.

  43.  Homeland denies all allegations in Paragraph 43 of the Amended Complaint.

  44.  Homeland admits its position that while the underlying insurers have paid their limits, the Colony Policy was not properly exhausted by payment of covered claims and that the Homeland Policy has not been triggered. Homeland denies all remaining allegations in Paragraph 44 of the Amended Complaint.

  45.  Homeland denies all allegations in Paragraph 45 of the Amended Complaint.

  46.  Homeland denies all allegations in Paragraph 46 of the Amended Complaint.

  47.  Homeland denies all allegations in Paragraph 47 of the Amended Complaint.

  **D.**  **Count Four – Attorneys' Fees**

  48.  Answering Paragraph 48 of the Amended Complaint, Homeland repeats and incorporates its responses to the prior 47 Paragraphs of the Amended Complaint as if fully set forth herein.

  49.  Answering Paragraph 49 of the Amended Complaint, Homeland denies that that Plaintiff was required to retain the legal services of the Silvera Firm and Haynes and Boone, L.L.P.

Homeland is without sufficient information to admit or deny the allegation that Plaintiff has agreed to pay a reasonable fee for attorney services rendered. Homeland admits the allegation that Homeland has not tendered payment for Plaintiff's claim for damages, but expressly denies that Plaintiff is entitled to any payment. Homeland expressly denies that Plaintiff is entitled to an award of reasonable and necessary attorneys' fees and expenses incurred in pursuing its claims against Homeland, whether under the Texas Civil Practice and Remedies Code or Texas Insurance Code.

## V.     JURY DEMAND

50.     There are no factual allegations in Paragraph 50 of the Amended Complaint requiring a response.

## VI.     PRAYER

51.     No response is required to Plaintiff's prayer. To the extent a response is required, Homeland denies that Plaintiff is entitled to any judgment against or recovery from Homeland in this lawsuit, including any actual damages, statutory damages, attorneys' fees and expenses, court costs, pre- and post-judgment interest, or any other relief sought by Plaintiff.

## II.
## HOMELAND'S AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

52.     Plaintiff's claims are subject to all of the terms, conditions, limits, sublimits, and exclusions contained in the Homeland Policy.

### *Second Affirmative Defense*

53.     Per the terms of the Homeland Policy, Plaintiff's claims are subject to the Steadfast Policy's $1,000,000 limit of liability per occurrence for losses to Golf Course Property, including trees, shrubs and plants, with a $5,000 cap for any individual tree, shrub, or plant.

### *Third Affirmative Defense*

54. Per the terms of the Homeland Policy, Plaintiff's claims are subject to the Steadfast Policy's $1,000,000 limit of liability per occurrence for losses to trees, shrubs, and plants not associated with Golf Courses, with a $5,000 cap for any individual tree, shrub, or plant.

### *Fourth Affirmative Defense*

55. Per the terms of the Homeland Policy, Plaintiff's claims are subject to the Steadfast Policy's limit of liability per occurrence for Debris Removal at "The GREATER of 25% of the PD LOSS or $1,000,000."

### *Fifth Affirmative Defense*

56. The amount recoverable for Plaintiff's claims is limited by the Homeland Policy's $95 million overall limit of liability.

### *Sixth Affirmative Defense*

57. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's covered physical loss or damage does not exceed $5,000,000.

### *Seventh Affirmative Defense*

58. Plaintiff's claims are barred, in whole or in part, to the extent any part of the physical loss or damage claimed by Plaintiff did not occur during the Homeland Policy's effective dates of coverage.

### *Eighth Affirmative Defense*

59. Plaintiff's claims are subject to the Homeland Policy's Property Valuation provision, which limits Plaintiff's recovery at actual cash value unless the property is "repaired, rebuilt, or replaced on the same or another site within 3 years from the date of loss."

*Ninth Affirmative Defense*

60. Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage reportedly suffered by Plaintiff has not been properly supported as required by the Steadfast and/or Homeland Policies.

61. Homeland reserves the right to assert additional affirmative defenses as this litigation proceeds.

## III.
## PRAYER

Defendant Homeland Insurance Company of New York prays that upon final judgment: (a) Plaintiff's claims for relief be denied in their entirety, (b) Plaintiff take nothing by way of this lawsuit, and (c) Homeland be granted such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: /s/ Kerry K. Brown
Kerry K. Brown
Texas Bar No. 03149880
kbrown@zelle.com
Kristin C. Cummings
Texas Bar No. 24049828
kcummings@zelle.com
Alexandra S. Fernandez
Texas Bar No. 24051786
afernandez@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

*Attorneys for Defendant Homeland Insurance Company of New York*

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record on October 10, 2017 in accordance with the Federal Rules of Civil Procedure as follows:

> Darryl J. Silvera
> State Bar No. 18352280
> dsilvera@silveralaw.com
> **THE SILVERA FIRM**
> 17070 Dallas Parkway, Suite 100
> Dallas, Texas 75248
> Telephone: (972) 715-1750
> Facsimile: (972) 715-1759
>
> Ernest Martin, Jr.
> State Bar No. 13063300
> Ernest.martin@haynesboone.com
> Natalie DuBose
> State Bar No. 24077481
> Natalie.dubose@haynesboone.com
> **HAYNES AND BOONE, L.L.P.**
> 2323 Victory Ave., Suite 700
> Dallas, Texas 75219
> Telephone: (214) 651-5000
> Facsimile: (214) 541-5940
>
> *Attorneys for Plaintiff Double Diamond Delaware, Inc.*

                                                             */s/ Kerry K. Brown*
                                                                Kerry K. Brown