UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUBLE DIAMOND DELAWARE INC., | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:17-CV-01403-X |
| HOMELAND INSURANCE COMPANY OF NEW YORK, | § § § § | |
| *Defendant.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff Double Diamond Delaware, Inc.'s ("Double Diamond") motion to exclude the proposed expert testimony of defendant Homeland Insurance Company of New York's ("Homeland Insurance") witness, Joseph Dengel [Doc. No. 89]. Dengel's testimony concerns his appraisal of Double Diamond's golf course community (the "Retreat") and defendant Homeland Insurance is offering his testimony to show the reduction in market value of the Retreat after a windstorm passed through. After the filing of this motion, the Court has ruled on the parties' reconsidered motions for partial summary judgment [Doc. No. 105]. Due to some of the holdings and conclusions in that order, the Court **GRANTS** Double Diamond's motion to exclude on the grounds that Dengel's testimony is not relevant.

Federal Rule of Evidence 702 governs the admissibility of expert testimony as evidence. Rule 702 permits opinion testimony from a witness "'qualified as an expert by knowledge, skill, experience, training, or education' if the expert's knowledge will

1

assist the trier of fact and (1) 'the testimony is based on sufficient facts or data,' (2) 'the testimony is the product of reliable principles and methods,' and (3) 'the expert has reliably applied the principles and methods to the facts of the case.'"[1] This Court, in performing its gatekeeper function, must permit only reliable and relevant testimony from qualified witnesses to be admitted as expert testimony, as reflected in Rule 702.[2] The "party offering the expert testimony must prove by a preponderance of evidence" that the testimony is "reliable and relevant."[3] Federal Rule of Evidence 401 further clarifies relevant evidence as that which has "any tendency to make any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[4]

Double Diamond argues that Dengel's testimony should be excluded because the Retreat's market value is not relevant in determining the amount of Double Diamond's losses. Homeland Insurance responds that the Retreat's market value is relevant to calculating the actual cash value of Double Diamond's losses—actual cash value being one of the pertinent standards for loss calculation in the Homeland Insurance policy. Homeland Insurance in its motion for summary judgment argued

---

[1] *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 753 F. App'x 191, 195 (5th Cir. 2018) (quoting Federal Rule of Evidence 702).

[2] *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) ("[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. The primary locus of this obligation is Rule 702, which clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify."); *see also Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) ("In *Daubert,* the Supreme Court instructed district courts to function as gatekeepers and permit only reliable and relevant expert testimony to be presented to the jury." (citing *Daubert*, 509 U.S. at 590–93)).

[3] *Barnes v. BTN, Inc.*, 555 F. App'x 281, 285 (5th Cir. 2014) (per curiam) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–61 (5th Cir. 2002)).

[4] *See Mathis*, 302 F.3d at 460 (quoting Federal Rule of Evidence 401).

that actual cash value meant the difference in the market value of the property immediately prior to the loss and the market value immediately thereafter. The Court agrees with Double Diamond.

Dengel's testimony is not relevant to determine the amount of Double Diamond's losses. The Court in its most recent summary judgment order held as a matter of law that Homeland Insurance has (1) failed to show that actual cash value under the Homeland Insurance policy means the difference in the market value of the property immediately prior to the loss and the market value immediately thereafter and that (2) the Homeland Insurance policy does not allow the value of Double Diamond's property to be a ceiling on Double Diamond's potential recovery. Moreover, the Court concluded that the proper calculation of actual cash value was the cost of repair or replacement less depreciation. The Court now holds this conclusion as a matter of law. Taking these holdings together, the market value of the Retreat as a whole before and after the windstorm do not play a role in determining the actual cash value of Double Diamond's losses. As such, Dengel's testimony is not evidence that tends "to make any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" and so is not relevant.[5]

For the reasons stated above, the Court **GRANTS** Double Diamond's motion to exclude Dengel's proposed expert testimony.

---

[5] *Id.*

**IT IS SO ORDERED** this 27th day of July, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE